IN THE UNITES STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ZURICH SPECIALTIES LONDON | ) | |
| LIMITED, a foreign corporation entity, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-CV-0593-CVE-FHM |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIP A. LAWRENCE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss or in the Alternative Stay Plaintiff's

Complaint for Declaratory Judgment (Dkt. ## 12, 13).  Defendant argues that Court lacks subject

matter jurisdiction under 28 U.S.C. § 1332.  In the alternative, if the Court finds that it does have

subject matter jurisdiction, defendant asks the Court to stay this declaratory judgment action pending

the outcome of a related state court lawsuit.

## I.

Defendant Phillip A. Lawrence, Jr. ("Lawrence") is an architect and general contractor who

works in the Grand Lake area of northeastern Oklahoma.  He entered into a contract to serve as

architect and general contractor for construction of a private residence for Rodney and Anita Powers

("the Powers").  In his capacity as general contractor, Lawrence hired Watco Cellulose Insulation,

LLC ("Watco") and Joplin Lighting Center, Inc. ("Joplin") to install a fireplace.  The construction

of the Powers' home was completed in 2001, and the Powers moved in shortly after the home was

finished.  From January 31, 2000 to January 31, 2002, Lawrence had a commercial general liability

policy issued by Zurich Specialties London Limited ("Zurich").

On January 30, 2004, a fire at the Powers' home caused significant property damage.  The Powers filed a lawsuit in the District Court of Delaware County alleging that Lawrence, Watco, and Joplin were jointly and severally liable for negligently installing the fireplace in the Powers' home.[1] Specifically, the Powers alleged that Lawrence negligently hired Watco and Joplin and that he breached an implied warranty of habitability by building the fireplace in a negligent manner. Lawrence demanded that Zurich provide him a defense to the Powers' lawsuit and indemnify in the event he is held liable for property damage to the Powers' home.  Zurich agreed to defend Lawrence in the state court lawsuit, but reserved its right to challenge indemnity coverage under the policy. Zurich filed a declaratory judgment action in this Court seeking a declaration that it has no duty to defend or indemnify Lawrence against the Powers' claims.[2]  In its complaint, Zurich alleges that the Court has diversity jurisdiction to hear this declaratory judgment action, because the parties are diverse and the amount in controversy exceeds $75,000.

## II.

Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving such jurisdiction is proper.  Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  Id. Motions to dismiss under Rule 12(b)(1) "generally take one of two

---

[1]     In compliance with Okla. Stat. tit. 12, § 2008(A), the Powers' state court complaint simply states that they seek damages in excess of $10,000.

[2]     Zurich claims that the fire occurred outside the coverage period, and that it has no duty to indemnify Lawrence.  Zurich also claims that the Powers' claims fall within an exemption in the policy excluding coverage for bodily injury or property damage caused by "the rendering or failure to render any professional services."  Dkt. # 2, at 7.

forms. The moving party may (1) facially attack the complaint's allegations as to the existence of

subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting

evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch

Business Financial Services, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting Maestas

v. Lujan, 351 F.3d 1001, 1013 (10th Cir. 2003).   Defendant's motion "merely challenges the

sufficiency of the complaint, requiring the district court to accept the allegations in the complaint

as true." Paper, Allied-Industrial, Chem. & Energy Int'l Union v. Continental Carbon Co., 428 F.3d

1285, 1292 (10th Cir. 2005).   The Court must consider whether the allegations in the complaint

invoke federal subject matter jurisdiction. Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221,

1225 (10th Cir. 2001).

### III.

Defendant claims that plaintiff has not sufficiently alleged that the amount in controversy

exceeds $75,000.[3] Plaintiff responds that the complaint clearly states that the amount in controversy

exceeds $75,000 and that defendant is attempting to impose a heightened standard of review

applicable to removed actions only.

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not create subject matter jurisdiction,

but simply "enlarge[s] the range of remedies available."  Prier v. Steed, 456 F.3d 1209, 1212 (10th

Cir. 2006) (quoting Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)).  For the

Court to exercise jurisdiction over plaintiff's declaratory judgment claim, the "party seeking the

exercise of jurisdiction in his favor 'must allege in his pleading the facts essential to show

jurisdiction.'" United States for Use and Benefit of General Rock & Sand Corporation v. Chuska

---

[3]      Lawrence admits that the parties are diverse for purposes of § 1332.

Development Corp., 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting Penteco Corp. v. Union Gas Sys.,
Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)).  In diversity cases, the amount in controversy claimed
by the plaintiff controls if the claim appears to be made in good faith.  St. Paul Mercury Indem. Co.
v. Red. Cab Co., 303 U.S. 283, 288-89 (1938).  However, if it is apparent from the face of the
pleadings "to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the
proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that
amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit
will be dismissed."  Id. at 289.

In this case, the complaint alleges that "[t]he amount in controversy can reasonably be said
to exceed the sum of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs."
Dkt. # 2, at 1.  Plaintiff has satisfied its burden to plead that the amount in controversy is met and,
in addition, has produced evidence satisfying the Court that the amount in controversy exceeds
$75,000.[4]  In the state court lawsuit, the Powers are claiming damages of approximately $250,000
from the fire.  The property damage to the house alone totaled $188,260, and this does not include
damages for personal property destroyed by the fire.  They incurred $7,411 for cleaning expenses,
and spent over $8,000 leasing temporary furniture and lodging.  The Powers allege that Lawrence,
Watco, and Joplin are jointly and severally liable for these damages, meaning that the Powers could

---

[4]     Even though the Court is treating defendant's motion as a facial attack, the motion could be
construed as a challenge to the jurisdictional facts.  To the extent that defendant challenges
the accuracy of the facts stated in the complaint, plaintiff has provided sufficient evidence
supporting its assertion that the amount in controversy exceeds $75,000.  See Stuart, 271
F.3d at 1225; E.F.W. v. St. Stephen's Indian High Sch., 264 F.3d 1297, 1303 (10th Cir.
2001).

seek all of their damages from any of the defendants.[5]   Zurich's allegation that the amount in controversy exceeds $75,000 is supported by the evidence.

Defendant attempts to rely on the standard applicable to removed cases, not cases originally filed in federal court, when arguing that the Court lacks subject matter jurisdiction.  The removal standard is much stricter for the party seeking to establish the existence of jurisdiction, but that standard is not applicable to this case.[6]   Lawrence argues that the Powers' state court complaint simply shows that the amount in controversy exceeds $10,000.  Maxon v. Texaco Refining, 905 F. Supp. 976 (N.D. Okla. 1995).  However, as the Court has discussed above, the plaintiff's jurisdictional allegations in its complaint in this Court are presumed to be accurate and Zurich has supported its allegations with evidence showing it has a good faith belief that the amount in controversy exceeds $75,000.  Therefore, the Court finds that it has subject matter jurisdiction under section 1332 and defendant's motion to dismiss is denied.

## IV.

In the alternative, Lawrence requests that the Court stay Zurich's declaratory judgment action  under two different theories.  First, Lawrence argues that the Court should stay the case under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), to prevent

---

[5]      Lawrence claims that he has "little, if any, liability for the damage to the Powers' residence." Dkt. # 12, at 2.  While this may be his belief, this does not change his potential liability as alleged in the Powers' complaint.

[6]      In removal actions, the Tenth Circuit has clarified that the defendant's claim that amount in controversy is satisfied "does not enjoy the *St. Paul Mercury* presumption of accuracy that the plaintiff's does."  Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001).  As the Tenth Circuit's statement suggests, the plaintiff satisfies its burden to invoke federal subject matter jurisdiction by making a good faith allegation that its claims meet the amount in controversy requirement.

duplicative litigation in state and federal court.  Second, he requests that the Court exercise its inherent authority to stay the case until the Powers' state court lawsuit is completed.

As a general rule, parallel proceedings in a state court do not permit a federal court to dismiss or abstain from exercising jurisdiction to decide a case before it.  Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959).  "Abstention rarely should be invoked, because the federal courts have a 'vitually unflagging obligation . . . to exercise the jurisdiction given them." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996); Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992).  However, the Supreme Court has recognized several circumstances when federal courts should stay or dismiss a case to avoid interfering with parallel state court proceedings.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005).  For example, a federal court should abstain to avoid ruling on unclear state law, Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941),  or to prevent interference with a complex state administrative proceeding, Burford v. Sun Oil Co., 319 U.S. 315 (1943).

In Colorado River, the Supreme Court held that concurrent proceedings in state and federal courts interfered with an express federal policy to avoid piecemeal litigation in cases to determine water rights under the McCarran Water Rights Suit Act, 43 U.S.C. § 666 ("McCarran Amendment"). 424 U.S. 800.  Water is considered a scarce commodity in many of the western states, and Colorado had established complex administrative procedures to rule on applications for water rights.  Id. at 804.  In that case, the federal government initiated a claim in federal court seeking a declaration of the government's rights to water on its own behalf and certain Indian tribes.  After that suit was filed, the defendants instituted administrative proceedings in Colorado Water Division No. 7 to determine water rights under federal and state law.  The Supreme Court affirmed the district court's

6

decision to abstain based on the exceptional circumstances of that case.  The Court clarified that abstention was not proper in every case where a state court proceeding was potentially duplicative of a federal case, but noted four factors to guide federal courts when deciding to proceed or abstain: (1) the risk of adjudicating rights to the same property; (2) the inconvenience of the federal forum; (3) the need to avoid piecemeal litigation; and (4) the order which jurisdiction was obtained by the state and federal courts. Id. at 818.  The McCarran Amendment provided evidence of congressional intent to establish a single proceeding for determining water rights, and abstention was appropriate under the extraordinary circumstances of the case.

However, plaintiff is correct that Colorado River is not applicable to a declaratory judgment action.  When the federal court plaintiff requests declaratory relief, abstention is governed by the discretionary standard of Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), not the extraordinary circumstances test of Colorado River.  Wilton v. Seven Falls Co., 515 U.S. 277 (1995).  The Brillhart standard is much less stringent than the Colorado River test, and Brillhart grants a court much more discretion than Colorado River.  United States v. City of Las Cruces, 289 F.3d 1170, 1182-83 (10th Cir. 2002).  The Tenth Circuit has outlined five factors to guide district courts when exercising their discretion to hear a declaratory judgment action if there is a similar state court lawsuit pending:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994) (quoting Allstate Ins. Co. v. Green, 825 F.2d 1061, 1063 (6th Cir. 1987)).  Under this test, the degree of similarity between

7

the state and federal court cases is a factor in the court's decision but, unlike in <u>Colorado River</u>, a stay could be appropriate in some circumstances when two cases are not parallel proceedings. <u>City of Las Cruces</u>, 289 F.3d at 1182-83.

In <u>Mhoon</u>, a cases similar to this, the Tenth Circuit upheld a declaratory judgment in favor of an insurer related to a pending state court lawsuit. There, Robert Mhoon and Takuro Fujiwara had an argument that ended when Mhoon shot Fujiwara. This resulted in three legal actions against Mhoon, including a civil action in state court brought by Fujiwara against Mhoon. Mhoon's insurer, State Farm Fire and Casualty Company ("State Farm"), agreed to defend him but reserved its right to contest coverage. While the civil case was pending, State Farm initiated a declaratory judgment action against Mhoon to determine insurance coverage issues related to the state court lawsuit. The district court entered a declaratory judgment in favor of State Farm. Mhoon appealed on the basis that the district court should have stayed the declaratory judgment action until the related state court lawsuit was completed. The Tenth Circuit affirmed the district court's entry of declaratory judgment, finding that State Farm's declaratory judgment action did not interfere with an ongoing state court case. The Tenth Circuit found that there was a "substantial interest in deciding [coverage] issues without undue delay, particularly the question of the duty to defend." 31 F.3d at 984. Although the district court had to review the state court complaint to determine if State Farm had a duty to defend, the court's coverage determination did not require the district court to rule on any factual or legal issues before the state court. The district court did not abuse its discretion by entering judgment on State Farm's claim for declaratory judgment. <u>Id</u>.

After reviewing the <u>Mhoon</u> factors, the Court finds that a stay would not be appropriate. A declaratory judgment would settle the controversy between Zurich and Lawrence, and it would not

interfere with the Powers' state court litigation.  There is no danger that the declaratory remedy is being used for procedural fencing, nor would a judgment have any res judicata implications for the parties in the state court proceedings.  This Court can rule on the coverage dispute based on a review of the state court complaint, and there is no danger of creating tension between the state and federal courts.  Although there are some similarities between the facts of the state and federal cases, the cases are not parallel and involve completely different legal issues.  The state court action is concerned with Lawrence's liability to the Powers, while this Court will be dealing with the collateral issue of insurance coverage.  Based on Mhoon, the Court finds no basis to stay Zurich's declaratory judgment action.

Lawrence also requests the Court to stay this action under its inherent authority to control matters on its docket.  This Court has the inherent authority to control its docket, which includes the power to stay cases in the interests of judicial economy.  United Steelworkers of America v. Oregon Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936).  Defendant suggests that the parties in the state court are engaging in settlement negotiations, and the declaratory judgment action may be rendered moot.  Even if the state court case were to settle, the declaratory judgment action would not be moot, because Zurich's duty to pay any settlement amount would still be at issue.  The state court action will not resolve the issues presented in this declaratory judgment action, and the Court will not invoke its inherent authority to stay this action.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss or in the Alternative Stay Plaintiff's Complaint for Declaratory Judgment (Dkt. ## 12, 13) is **denied**.

**DATED** this 8th day of February, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

10