IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ZURICH SPECIALTIES LONDON, LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-CV-0593-CVE-FHM |
| PHILLIP A. LAWRENCE, JR., | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes on for consideration of Defendant's Motion to Stay Proceedings Pending the Filing of Plaintiff's Second [sic] Amended Complaint in the Underlying Lawsuit (Dkt # 38). Defendant Phillip A. Lawrence, Jr. ("Lawrence") asks the Court to stay these proceedings pending the filing of the plaintiffs' third amended complaint in the underlying state court lawsuit ("state court lawsuit"). The Court finds that it will not be necessary for plaintiff to respond, because defendant's motion to stay should be denied.

Lawrence is an architect and general contractor working near Grand Lake in Oklahoma, and he established a corporation, Paljr, Inc. ("Paljr") for his contracting business. In his capacity as architect and general contractor, he accepted a contract to construct a new home for Rodney and Anita Powers ("the Powers") in Jay, Oklahoma. He subcontracted with a variety of companies to construct the Powers' new home and, by April 2001, the home was complete and the Powers moved into their home shortly thereafter. On January 30, 2004, the Powers' home caught on fire and they suffered property damage as a result of the fire. The Powers sued Lawrence, not Paljr, and two subcontractors responsible for electrical work during the construction of the home. The state court lawsuit alleged claims for negligence and breach of implied warranty against Lawrence.

At the time Lawrence constructed the Powers' home, he was covered by a commercial general liability coverage policy issued by Zurich Specialties London, Limited ("Zurich"). The policy was issued in January 2000 to Paljr for a term of one year. Paljr renewed the policy in January 2001 but, on May 2, 2001, the policy was amended to show that Lawrence, not Paljr, was the named insured under the policy. Lawrence has demanded that Zurich provide him a defense to the Powers' state court lawsuit and indemnify him for any monetary judgment awarded to the Powers. Zurich filed this action seeking a declaratory judgment that it has no duty to defend or indemnify Lawrence in the state court lawsuit.

Lawrence asks the Court to stay these proceedings pending the filing of a third amended complaint in the state court lawsuit. The third amended complaint will not add any new claims to the state court lawsuit, but it will simply add Paljr as a party to the state court lawsuit. According to the motion to amend filed in state court, the plaintiffs were not aware that Lawrence was operating in a corporate capacity until recently, because his deposition testimony suggested that he constructed the Powers' home in his individual capacity. The Powers moved to amend their pleadings out of "an abundance of caution" to add Paljr as a party to the state court action, and the state court granted their motion. Lawrence claims that this Court can not enter a declaratory judgment until it knows the scope of the state court lawsuit, and the case should be stayed until the third amended complaint is filed in state court.

The Court notes that this is the third motion to stay filed by Lawrence in this case, and the previous two motions to stay have been denied. On December 5, 2006, Lawrence requested a stay of this action until the state court lawsuit was completed. Dtk. # 13. The Court denied that motion, because the issue in this case, Lawrence's insurance coverage at the time of the fire, was collateral

to the issues that would be addressed in the state court lawsuit. Dkt. # 18, at 8-9. On May 29, 2007, plaintiff filed a motion for summary judgment, and defendant requested an extension of time until June 28, 2007 to respond. The Court granted defendant's motion. Defendant requested a second extension of time until July 2, 2007 to file his response, and the Court also granted defendant's second request for an extension of time. On July 2, 2007, defendant did not file a response but, instead, he filed a motion to stay the summary judgment briefing until discovery could be completed in the state court lawsuit. Dkt. # 30. Magistrate Judge Frank H. McCarthy denied defendant's motion on August 14, 2007, and he ordered defendant to respond to plaintiff's motion for summary judgment by 3:00 p.m. on August 17, 2007.[1] Also on August 14, 2007 and following entry of the magistrate judge's order, defendant filed this motion to stay proceedings pending the filing of the third amended complaint in the state court lawsuit. Defendant did not file a response to plaintiff's motion for summary judgment by August 17, 2007 as ordered by the magistrate judge.

Defendant has essentially granted himself an extension of time to file a response by filing a motion to stay, and this is consistent with his practice throughout this litigation. In his most recent motion to stay, defendant makes no attempt to show how the third amended complaint in the state court lawsuit will affect the insurance coverage issues in this case. The sole reason for the third amended complaint, as stated by the Powers, is to add Paljr as a party, but they have not provided any indication that they will add new legal claims. Even if the Powers did add new claims, it is not likely that this would have any bearing on the coverage dispute before this Court. Zurich argues that

---

[1] The discovery cut-off in this case was May 31, 2007, and the magistrate judge found that defendant had not conducted any discovery during the discovery period. He also noted that defendant had not identified any specific discovery in the state court lawsuit that he needed to file a response to plaintiff's motion for summary judgment in this case.

the fire occurred outside the period of insurance coverage and that Zurich has no duty to defend or indemnify Lawrence for the type of work performed for the Powers. Lawrence has not shown that the proposed amendment to the Powers' pleadings will affect the Court's ruling on Zurich's declaratory judgment action, and his motion to stay should be denied.

The Court also notes that the pretrial conference of this matter is set for September 7, 2007 at 9:00 a.m. and trial is set for September 17, 2007 at 9:30 a.m. Plaintiff has complied with all pretrial deadlines, and the Court sees no reason to penalize plaintiff for defendant's reluctance to move forward with this case. Therefore, defendant's response to plaintiff's motion for summary judgment is due no later than Wednesday, August 22, 2007 at 5:00 p.m.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Proceedings Pending the Filing of Plaintiff's Second Amended Complaint in the Underlying Lawsuit (Dkt # 38) is **denied**.

**IT IS FURTHER ORDERED** that defendant's response to plaintiff's motion for summary judgment is due no later than **Wednesday, August 22, 2007at 5:00 p.m.** Plaintiff's reply shall be due 14 days thereafter according to Local Rule.

**DATED** this 20th day of August, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT